UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CORY GRAY,

    Petitioner,

    v.                                    CAUSE NO. 3:20-CV-14-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Cory Gray, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC-19-2-25) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of assaulting staff in violation of Indiana Department of Correction Offense 102. Following a disciplinary hearing, he was sanctioned with a loss of the entire balance of his earned credit time (2,523 days), a demotion in credit class, one year in disciplinary housing, and the loss of commissary and telephone privileges for forty-five days.

The Warden argues that Gray failed to exhaust administrative remedies with respect to his claim. Generally, State prisoners must exhaust State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2554. However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). The parties dispute whether Gray pursued available administrative remedies or whether his claims are procedurally

barred. Federal courts have the discretion to consider claims for habeas relief under certain circumstances even if such claims are procedurally barred. 28 U.S.C. § 2254(b)(2). Because this issue is disputed, the court will consider the merits of Gray's claims.

Gray argues that he is entitled to habeas relief because his loss of earned credit time in its entirety was constitutionally excessive. "A federal court will not normally review a state sentencing determination [that] falls within the statutory limit." *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997). Executive Directive 17-09 amended the disciplinary policy by increasing the range of sanctions for offenses resulting in serious bodily harm to staff or visitors. ECF 9-9. As amended, the sanctions for such offenses may include "a loss of up to the entire balance of the offender's accumulated earned credit." *Id.* Because the loss of good time credit was within the range of the sanctions set forth in the departmental policy, the claim regarding excessive sanctions is not a basis for habeas relief.

Gray argues that he is entitled to habeas relief because he was not allowed to present witnesses and did not receive adequate notice of the charges. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Id.* at 566. However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call

witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

According to the screening report, Gray did not request any witnesses or physical evidence and waived his right to twenty-four hours of notice before the hearing. ECF 9-4. Gray disputes the accuracy of the screening report, but, even if correctional staff wrongly prevented him from calling witnesses or receiving adequate notice, he offers no explanation as to how these procedural violations harmed him. The administrative record includes a clear video surveillance recording of the offense. ECF 12. Consequently, the court concludes that these procedural violations constitute harmless error. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (same).

Gray argues that he is entitled to habeas relief because he did not receive assistance from a lay advocate for his appeal. "[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). Gray's filings demonstrate his literacy, and the charge that he assaulted a correctional officer was not particularly complex. Therefore, the argument that he received inadequate assistance from a lay advocate is not a basis for habeas relief.

Gray argues that he is entitled to habeas relief because the hearing officer did not provide him with a written explanation of the decision. Procedural due process requires a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). "A prison disciplinary committee is required to give a brief statement of the evidentiary basis for its decision to administer discipline, so that a reviewing court, parole authorities, etc. can determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). In the hearing report, the hearing officer explained that he relied on the conduct report, the video recording, and the photographs of the injured officer, and that he imposed sanctions based on the seriousness of the offense, the degree to which the violation disrupted security, and Gray's attitude and demeanor during the hearing. ECF 9-5. Though the hearing officer's explanation is not particularly detailed, it identifies the evidentiary basis for the finding of guilt and the reasons for the sanctions imposed and thus satisfies procedural due process. Therefore, the claim that the hearing officer did not provide a written explanation is not a basis for habeas relief.

Gray further argues that he received the sanction of loss of commissary and telephone privileges twice for the same offender in violation of his right against double jeopardy. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). Because this argument does not relate to the fact or duration of his sentence, this claim is not a basis for habeas relief.

4

Because Gray has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Gray wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Cory Gray leave to proceed in forma pauperis on appeal.

SO ORDERED on April 12, 2021.

s/ JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT